THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELLIOTT NEILSON and THOMAS STAFFORD, Appellants.— Appeal by each of the defendants from a judgment of conviction and sentence for arson in the second degree, rendered in the Schenectady County Court on June 8, 1939. The appellant Neilson confessed to his participation in the crime and we see no reason for disturbing the judgment as to him. The only evidence directly connecting the appellant Stafford with the crime was that of his alleged accomplices, Neilson and Dantz, but the corroboration of their testimony is so unsatisfactory that the conviction cannot stand. Also there were certain errors in the charge which cannot be overlooked in view of the absence of sufficient corroboration. Judgment affirmed as to the appellant Neilson. Judgment reversed as to the appellant Stafford, upon the law and facts, and a new trial granted. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Schenck, J., dissents and votes to affirm both judgments.

In the Matter of the Claim of EDWARD MILLER, Respondent, against DE PARMA AND HOSKWITH CO., INC., and BANKERS INDEMNITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier have appealed from a decision and award of the State Industrial Board making an award in claimant's favor. Claimant was employed as a porter. The State Industrial Board found that on November 11, 1939, claimant sustained the injuries, for which the award was made, while cleaning windows at the place where he worked. The appellants contend that the injury was occasioned solely by reason of claimant's intoxication. That is the only issue in this case. The State Industrial Board found that claimant was not intoxicated at the time his injuries were sustained. There is evidence to sustain that finding. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim, on the ground that all the evidence in the case indicates that the accident was caused solely because of intoxication.

In the Matter of the Claim of Mrs. MARY LUDWIG, Respondent, against FLORAL PARK SANITARIUM and ÆTNA CASUALTY & SURETY Co., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made in favor of the Special Fund, the decedent having left no survivor entitled to compensation. Decedent was employed as a cook. It has been found that while engaged in the course of her employment she accidentally struck her abdomen against the corner of a kitchen table, thereby sustaining an injury which required operative treatment. Also that her death after the operation was the natural and unavoidable result of her accidental injury. There is evidence to sustain these findings and the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.